**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| PAUL CRANE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | 11 C 1743 |
| v. | ) | |
| | ) | Judge Ronald A. Guzmán |
| CHARLOTTE SARTAIN, THE | ) | |
| PACKER GROUP, INC., anf THE | ) | |
| PACKER GROUP, INC. EMPLOYEE | ) | |
| OWNERSHIP PLAN AND TRUST, | ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM OPINION AND ORDER**

When Paul Crane was terminated from The Packer Group, Inc., he was told that although he had approximately $78,000.00 in vested shares in the company's employee stock ownership plan ("ESOP"), he would not be paid due to the company's unstable financial condition. Crane filed suit under various provisions of the Employee Retirement Income Security Act ("ERISA"), alleging that the plan administrator failed to provide him with required documents, and that the defendants failed to pay him the benefits due him and breached their fiduciary duties to Crane.

Currently pending before the Court are the following motions:

(1) Plaintiff's Motion for Summary Judgment [Dkt. # 25];
(2) Defendants' Motion to Strike Plaintiff's Motion for Summary Judgment Relating to New Breach of Fiduciary Duty Claims [Dkt. # 37], which, in addition to the normal response and reply, includes a sur-reply and response to the sur-reply;
(3) Defendants' Cross-motion for Summary Judgment [Dkt. # 40];
(4) Plaintiff's Motion to Strike Defendant's Motion to Strike Plaintiff's Motion for Summary Judgment Relating to New Breach of Fiduciary Duty Claims or, in the alternative, to Amend Complaint to Conform to Evidence [Dkt. # 44]; and
(5) Plaintiff's Motion to Strike Scurrilous Statements [Dkt. # 88].

For the reasons stated below, the defendants' motion for summary judgment as to Counts

I and II is denied and as to Count III is granted. Crane's motion for summary judgment as to all claims is denied. The defendants' motion to strike Crane's motion for summary judgment relating to the new breach of fiduciary duty claims, Crane's motion to strike the defendant's motion to strike Crane's summary judgment motion relating to the breach of fiduciary duty claims, and Crane's motion to strike scurrilous statements are denied as moot.

**I.   Analysis**

    A.   <u>Crane's Motion for Summary Judgment and Defendants' Cross-Motion for Summary Judgment</u>

Crane filed suit alleging that: (1) Charlotte Sartain, as the plan administrator, failed to provide him with documents required under the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. §§ 1024(b)(2)-(4) (Count I); (2) the defendants failed to pay Crane the benefits due him under the company's employee stock option plan in violation of ERISA, 29 U.S.C. §1132(a)(1)(B) (Count II); and (3) the defendants breached their fiduciary duties to Crane in violation of ERISA, 29 U.S.C. § 1104 (Count III). Crane and the defendants have cross-moved for summary judgment as to each claim.

        1.   *Facts*

The court notes at the outset that contrary to the requirements of Local Rule 5.2(f), Crane has submitted as courtesy copies to the Court three oversized binders of untabbed exhibits with no indexes. Crane's failure to abide by basic filing requirements has significantly increased the time this Court has spent addressing the merits of the pending motions.

The parties agree on certain facts as stated here. Other undisputed facts are discussed as necessary in the analysis section of the order. The Court has jurisdiction pursuant to 28 U.S.C. § 1331 because the action involves application of ERISA and venue is proper in this district under

28 U.S.C. § 1391 because a substantial portion of the events giving rise to the complaint occurred in this district.

Paul Crane was an employee of The Packer Group, Inc. ("TPG") until 2009 when his employment was terminated. (Defs.' Resp. Pl's. Local Rule 56.1 Statement of Facts, Dkt. # 42 ¶ 1.) TPG sponsors The Packer Group, Inc. ESOP, which is a tax qualified retirement plan under Title I of ERISA. (*Id*. ¶¶ 3-4.) While employed by TPG, Crane became a participant in the ESOP and has vested benefits in the ESOP in the form of TPG company shares. (*Id*. ¶¶ 5-6.) Defendant Charlotte Sartain is the named administrator of the ESOP and signed the 2002 ESOP Plan Document as the ESOP Trustee. (*Id*. ¶ 8.) She is a member of TPG's Board of Directors and is TPG's Executive Vice President of Finance. (*Id*. ¶ 10.)

Following Crane's termination, Sartain sent him a letter dated June 10, 2010 describing how many vested shares he held in the ESOP, the cash value and his holding's aggregate value. (*Id*. ¶ 17.) Crane has not yet been paid the benefits outlined in the June 10, 2010 letter. (*Id*.) Crane has served on Sartain multiple written requests for the production of documents related to the ESOP. (*Id*. ¶ 66.)

    2.    *Analysis*

        A.    Count I–Failure to Provide Documents

ERISA requires a plan administrator to provide certain documents to a participant or beneficiary upon request. 29 U.S.C § 1024(b)(4) ("The administrator shall, upon written request of any participant or beneficiary, furnish a copy of the latest updated summary [ ] plan description, and the latest annual report, any terminal report, the bargaining agreement, trust agreement, contract, or other instruments under which the plan is established or operated.").

However, "[t]he universe of documents that qualify as ones under which the plan is established or operated . . . is small and is limited to those documents that formally, *i.e.*, legally, govern the establishment or operation of the plan." *Mondry v. Am. Family Mut. Ins. Co.*, 557 F.3d 781, 801 (7th Cir. 2009) (internal quotation marks omitted).

With respect to Crane's claim that Sartain failed to provide ESOP Plan documents, genuine issues of material fact preclude summary judgment. Crane contends that from August 2010 until March 2011, when this case was filed, Crane sent many requests for the documents both to Sartain and her counsel, but received nothing until just before the second status hearing in this case. (Pl.'s Ex. S, 5/12/2011 Hr'g Tr., Dkt. #27-23, at 4, PageID # 653.) The defendants, on the other hand, contend that on two different occasions in May 2010, Sartain tendered all of the relevant plan documents to Crane in person but he refused to accept them saying that he wanted the ESOP money and not the documents. (Defs.' Statement Add'l. Facts, Dkt. #42, ¶¶ 17-18, PageID ##931-32.)[1] The Court cannot grant summary judgment on this claim given these competing facts.

B.   Count II–Failure to Pay ESOP Benefits[2]

Pursuant to ERISA § 1132(a)(1)(B), "[a] civil action may be brought [by a participant or beneficiary] ... to recover benefits due to him under the terms of his plan, to enforce his rights under the terms of the plan, or to clarify his rights to future benefits under the terms of the plan."

---

[1] Crane's motion to strike Sartain's affidavit in support of this statement of fact because it does not comply with 28 U.S.C. § 1746 is denied on the ground that Sartain has submitted a revised affidavit that is in compliance. (Corrected Sartain Aff., Dkt # 81, PageID # 3423-28.)

[2] Neither party details the legal framework for analyzing this claim. The Court has set forth what is believes is the proper analytical framework. However, in light of the complete lack of guidance by the parties on the issue, any motion to reconsider on the ground that the Court did not accurately analyze the claim will not be well-taken.

29 U.S.C. § 1132(a)(1)(B). Crane contends that, while the defendants acknowledge that he is owed certain benefits under the ESOP, he has not been paid and therefore is entitled to judgment on this claim. The defendants assert that it has not been "administratively feasible" to pay Crane due to TPG's precarious financial condition, and that the decision to withhold payment is not arbitrary and capricious.[3] First, though, the defendants contend that Crane failed to exhaust his administrative remedies because he did not file a written claim as required by the Plan.

i.   Exhaustion

"[W]e have interpreted ERISA as requiring exhaustion of administrative remedies as a prerequisite to bringing suit under the statute." *Edwards v. Briggs & Stratton Retirement Plan*, 639 F.3d 355, 360 (7th Cir. 2011). The parties, however, do not agree on which version of the Plan applies. Crane contends that although it was never produced to him by the defendants, a version of the Plan effective January 1, 2009 ("2009 Plan") applies. While admitting in response to Crane's statement of additional facts that the Plan was completely restated effective January 1, 2009 and that the 2009 Restated Plan was substituted for the earlier version of the Plan, *see* Defs' Resp. Pl.'s Add'l Facts, Dkt. #77 ¶ 4, the defendants assert without explanation that Crane's reference to the 2009 Plan is a "red herring" as there is "no material difference between

---

[3] The defendants assert that the plan is the only proper defendant in a suit for benefits. While it is true that "[t]he proper defendant in a suit for benefits under an ERISA plan is ... normally the plan itself," *Feinberg v. RM Acquisition, LLC*, 629 F.3d 671, 673 (7th Cir. 2011), "when the lines between the plan, the plan administrator, and the plan sponsor are indistinct or contested, the plaintiff's designation of the 'wrong' defendant can be forgiven provided the 'right' defendant is not misled." *Id*. (citations omitted). While Crane's complaint alleges the claim for a denial of benefits against the plan administrator, Sartain, the plan and the employer, absent evidence establishing that the three defendants are indistinct, the Court concludes that the plan is the only defendant as to this claim. Sartain and TPG are dismissed as defendants with respect to this claim.

the 2009 document and the prior plan documents relating to this issue." (Defs.' Corrected Reply, Dkt. #82, at 5 n.2, PageID # 3619.)[4]

The 2002 Plan states that "[a]ny person entitled to benefits must file a written claim with the Administrator on forms provided by the Administrator," (Pl.'s Ex. A-2, Dkt #27-3, ¶ 10.1, Page ID # 254), while the 2009 Plan simply states that "[a] Claimant must submit any necessary forms and needed information when making a claim under the Plan." (Pl.'s Reply Ex. E, Dkt. #55-5, § 9.05, PageID # 1716.) The Court assumes for purposes of this motion that the two plans require the same written submission in order to make a claim.

Crane contends that the November 2009 distribution request form, in which he asked that his payments for the ESOP shares be rolled over to his qualified retirement plan, constituted his written claim. The defendants do not address this argument. He also contends that Sartain did not follow Plan procedures because she did not send him a written denial which explained the basis for the denial and informed him of his appeal rights. Finally, he asserts that Sartain denied him access to administrative procedures by failing to provide the relevant Plan documents despite his requests.

The Court finds that, even if Crane was required to but did not exhaust his administrative remedies, exhaustion would have been futile. Exhaustion "encourages informal, non-judicial resolution of disputes about employee benefits" and "helps to prepare the ground for litigation in case administrative dispute resolution proves unavailing." *Edwards*, 639 F.3d at 360-61. However, the decision to require exhaustion is within the discretion of the trial court and may

---

[4] Despite the defendants' contention that a summary plan description for the 2009 Plan does not exist, (Defs.' Resp. Pl.'s Statement Fact, ¶ 70, PageID # 928), Crane asserts that he obtained the 2009 Plan and the summary plan description for the 2009 Plan through a third-party subpoena. (Pl.'s Reply Supp. Summ. J., Dkt. #54, at 5, PageID # 1544.)

not be necessary "where pursuing internal plan remedies would be futile." *Id.* at 361. Here, exhaustion would be futile as both parties' positions are clear and there is no question as to the basis for Sartain's decision. Accordingly, the Court concludes that, even assuming that Crane did not exhaust, exhaustion is not required as it would have been futile in this case.

2. Administrator's Decision

As already noted, Sartain declined to pay Crane his ESOP benefits because TPG was not financially able to do so and, therefore, payment was not administratively feasible. Sartain relies upon Article 7 of the 2002 Plan, which states in part that "[t]he ESOP Contribution Account invested in Qualifying Employer Securities shall be payable *as soon as administratively feasible* following the end of the Plan Year in which the Participant terminates employment . . . ." (Pl.'s Ex. A-2, 2002 Plan, Dkt. # 27-3, Art. 7.1(b)(1)(B).) (emphasis added). Crane challenges on several grounds Sartain's decision not to pay him.

Before addressing the substance of Crane's argument, the Court first must ascertain the standard of review to apply to Sartain's decision, which the parties do not address other than for the defendants' passing reference to Sartain's decision not being arbitrary and capricious. "'[A] denial of benefits challenged under § 1132(a)(1)(B) is to be reviewed under a *de novo* standard unless the benefit plan gives the administrator or fiduciary discretionary authority to determine eligibility for benefits or to construe the terms of the plan,' in which case a deferential standard of review is appropriate." *Schultz v. Aviall, Inc. Long Term Disability Plan*, 670 F.3d 834, 836-37 (7th Cir. 2012) (citation omitted). Specifically, where "the plan grants the administrator the discretion to determine eligibility and construe the plan terms, [the court] review[s] the administrator's decision under an arbitrary and capricious standard." *Weitzenkamp v. Unum Life*

7

*Ins. Co. of Am.*, 661 F.3d 323, 329 (7th Cir. 2011). This standard requires a court to "ensure only that a plan administrator's decision has rational support in the record," and is not "downright unreasonable." *Edwards*, 639 F.3d at 360 (internal quotation marks and citation omitted).

To determine whether a plan administrator has discretionary authority, the Court looks to the plain language of the plan. *Postma v. Paul Revere Life Ins. Co.*, 223 F.3d 533, 538 (7th Cir. 2000). Again, the parties' failure to discuss or in any way attempt to resolve whether the 2002 or 2009 Plan applies to Crane's claims is problematic. The 2009 Plan expressly states that:

> The Employer, Plan Administrator and any other person or entity who has authority with respect to the management, administration, of the Plan may exercise that authority in its/his full discretion, subject only to the duties imposed under ERISA. This discretionary authority includes, but is not limited to, the authority to make any and all factual determinations and interpret all terms and provisions of the Plan documents relevant to the issue under consideration. The exercise of authority will be binding upon all persons; will be given deference in all courts of law to the greatest extent allowed under law; and will not be overturned or set aside by any court of law unless found to be arbitrary and capricious or made in bad faith.

(Pl.'s Reply Ex. E, Dkt. #55-5, at § 9.07, PageID # 1720.) Based on this language, the Court finds that the deferential arbitrary and capricious standard of review would apply.

However, the 2002 Plan states as follows:

> The Administrator shall administer the Plan in accordance with its terms and shall discharge its duties with the care, skill, prudence and diligence under the circumstances then prevailing that a prudent man acting in a like capacity and familiar with such matters would use in the conduct of an enterprise with like character and with like aims. The Administrator shall have full and complete authority and control with respect to Plan operations and administration unless the Administrator allocates and delegates such authority or control pursuant to the procedures stated in subsection (b) or (c) below. Any decisions of the Administrator or its delegate shall be final and binding upon all persons dealing with the Plan or claiming any benefit under the Plan. The Administrator shall have all powers that are necessary to manage and control Plan operations and

administration . . . .

(Pl.'s Ex. A-2, Dkt. #27-3, at § 8.2, PageID # 249.)

While a plan document need not use particular words to convey discretionary authority, "[i]f a plan 'is going to reserve a broad, unchanneled discretion to deny claims, [plan participants] should be told this, and told clearly.'" *Diaz v. Prudential Ins. Co. of Am.*, 424 F.3d 635, 637 (7th Cir. 2005) (quoting *Herzberger v. Standard Ins. Co.,* 205 F.3d 327, 333 (7th Cir. 2000) (brackets added in *Diaz*). While the 2002 Plan grants the administrator "full and complete authority and control with respect to Plan operations and administration," this language falls short of the clear grant of discretion to interpret all plan terms and provisions as was conferred in the 2009 Plan. Given the failure of the 2002 Plan to clearly provide for deferential review of the administrator's decisions, the Court concludes that the *de novo* standard of review would apply if the 2002 Plan controls.

Because of the different standards of review in the two plans, the parties' failure to address which plan controls generally would prevent the Court from properly addressing this claim.[5] Nevertheless, the Court has reviewed the summary judgment filings and it is clear that, regardless of the standard of review, numerous genuine disputes of material fact exist that preclude summary judgment as to this claim.[6] For example, while Sartain asserts that TPG's

---

[5] Moreover, the defendants' assertion that Crane is not entitled to be paid retirement benefits because under the 2009 Plan he has not reached retirement age fails in light of the parties' failure to address which Plan applies.

[6] Indeed, the second section of the defendants' (corrected) reply in support of their motion for summary judgment is entitled "Plaintiff's Claims are Based on Erroneous Facts" and sets forth, with citations to the record, nine instances in which Crane is purportedly mistaken as to various propositions of fact several of which are material to Crane's claims. (Defs.' (Corrected) Reply, Dkt. #82, at 2-3, PageID ## 3616-17.).

poor financial condition prevented it from making retirement payouts, Crane argues that the defendants had $575,000.00 available on their credit line as of May 16, 2011 and $731,000.00 as of December 31, 2009. (Pl.'s Stmt. Add'l. Facts, Dkt. #57, ¶ 11, PageID # 2139) The defendants counter that although they had not exhausted their line of credit, TPG was not allowed to draw additional funds on it. (Defs.' Stmt. Add'l. Fact, Dkt. #42, ¶ 23, PageID # 933) Crane also asserts that around the time that Sartain declined to pay his ESOP benefits, Sartain redeemed over $575,000.00 in company shares for Ken Packer, the chairman of TPG's board. (Pl.'s Stmt. Add'l. Facts, Dkt. #57, ¶ 12, PageID # 2140) The defendants respond that in April 2010, Packer contributed 20,633 shares of TPG stock with a value of over $590,000.00 to TPG but that the transaction did not involve the payment of cash. (Defs.' Stmt. Add'l. Fact, Dkt. #42, ¶ 24, PageID # 933) TPG's true financial condition and resources go directly to whether Sartain's decision to withhold payment was proper. Given the factual disputes regarding TPG's financial condition at the time of Crane's termination, summary judgment cannot be granted on this claim.

## C. Breach of Fiduciary Duty (Count III)

In his third count, Crane contends that the defendants breached their fiduciary duties by failing to pay Crane his ESOP benefits and by failing to produce documents as required by ERISA. In addition, Crane points to the following facts in support of his claim that the defendants breached their fiduciary duties of failing to pay him: (1) they selectively redeemed $575,000.00 in shares of the Chairman of the Board of Directors, but did not redeem Crane's $77,000.00 in ESOP shares; (2) they spent nearly $900,000.00 in company assets to make payments for a separate company in violation of the Board of Directors' wishes; (3) they

10

removed the plan trustee in 2002 and failed to have outside § 103 ERISA audits conducted; and (4) they dispossessed Crane of his ESOP shares when he was terminated and placed the shares in the general treasury.

Crane states in his motion for summary judgment that he is proceeding under § 1132(a)(2), ERISA § 502(a)(2) with respect to his breach of fiduciary duty claim. (Pl.'s Br. Supp. Mot. Summ. J., Dkt. #31, at 11, Page ID # 842.)[7] Section 1132(a)(2) states that "[a] civil action may be brought ... by the Secretary, or by a participant, beneficiary or fiduciary for appropriate relief under section 1109 of this title[.]" Section 1109(a), ERISA § 409(a), in turn provides in pertinent part that

> [a]ny person who is a fiduciary with respect to a plan who breaches any of the responsibilities, obligations, or duties imposed upon fiduciaries by this subchapter shall be personally liable to make good to such plan any losses to the plan resulting from each such breach, and to restore to such plan any profits of such fiduciary which have been made through use of assets of the plan by the fiduciary, and shall be subject to such other equitable or remedial relief as the court may deem appropriate, including removal of such fiduciary.

"As its language suggests, [this section of] the statute only provides for a fiduciary's liability to the plan, not to a plan participant. . . ." *Krukowski v. Omicron Tech. Inc.*, No. 10 C 5282, 2011 WL 1303416, at *4 (N.D. Ill. Mar. 31, 2011). Because Crane seeks relief only as to himself and not the plan, he cannot proceed under § 1109, and thus § 1132(a)(2).

Alternatively, in his complaint, Crane cites to § 1104, ERISA § 404, as the statutory basis for his breach of fiduciary duty claim. "Section 404 actions are brought under ERISA § 409, codified at 29 U.S.C. § 1109, or ERISA § 502(a)(3), codified at 29 U.S.C. § 1132(a)(3)." *Lewis v. Aetna Ins. Agency, Inc.*, 749 F. Supp. 2d 852, 858 (S.D. Ill. 2010). The Court has already

---

[7] Reference to the defendant's response is unhelpful as they do not cite to any authority that governs the breach of fiduciary duty claim.

indicated why Crane cannot proceed under § 1109. As to § 1132(a)(3), "binding precedent dictates that [Crane] cannot seek relief under ERISA § 502(a)(3) because [he] can seek and [is] seeking relief under ERISA § 502(a)(1)(B)." *Id*. Because Count II of Crane's complaint seeks relief for the denial of benefits under ERISA § 502(a)(1)(B), he cannot proceed under § 1132(a)(3).

Finally, the Court notes that since Crane seeks relief only as to himself, he is limited to equitable relief. *Kenseth v. Dean Health Plan, Inc*., 610 F.3d 452, 464 (7th Cir. 2010) ("ERISA authorizes an award of equitable relief alone to a plan participant suing on her own behalf for breach of fiduciary duty."). Because Crane does not seek equitable relief, the claim must fail.

For all of these reasons, the defendants' motion for summary judgment as to Count III, the breach of fiduciary duty claim, is granted.

  B. <u>Defendants' Motion to Strike Plaintiff's Motion for Summary Judgment Relating to the New Breach of Fiduciary Duty Claims and Plaintiff's Motion to Strike Defendants' Motion to Strike or, in the Alternative, to Amend Complaint</u>

In their motion to strike, the defendants contend that Crane's breach of fiduciary duty claim as plead alleged only that the defendants purportedly breached their duty by (1) not paying Crane his benefits in the ESOP and (2) failing to provide Crane with plan documents. The defendants contend that Crane raises new allegations in his motion for summary judgment and ask that the new allegations be stricken. Because the Court has granted the defendants' motion for summary judgment with respect to the breach of fiduciary duty claims, the Court need not address this motion and it is stricken as moot.

**II.** **Conclusion**

For the reasons stated above, the defendants' motion for summary judgment [40-1] as to

Counts I and II is denied and as to Count III is granted. Crane's motion for summary judgment [25-1] as to all claims is denied. The defendants' motion to strike Crane's motion for summary judgment relating to the new breach of fiduciary duty claims [37-1], Crane's motion to strike the defendant's motion to strike Crane's summary judgment motion relating to the breach of fiduciary duty claims [44-1] and Crane's motion to strike scurrilous statements [88-1] are denied as moot.

The parties shall appear for a status on October 4, 2012 at 9:30 a.m. prepared to set a trial date.

**ENTER**:

**Date**: September 27, 2012

_____

**Ronald A. Guzman**
**United States District Judge**