**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| PAUL CRANE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | 11 C 1743 |
| v. | ) | |
| | ) | Judge Ronald A. Guzmán |
| CHARLOTTE SARTAIN, THE | ) | |
| PACKER GROUP, INC., and THE | ) | |
| PACKER GROUP, INC. EMPLOYEE | ) | |
| OWNERSHIP PLAN AND TRUST, | ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM OPINION AND ORDER**

Plaintiff moves the Court to reconsider the part of its summary judgment order in which it concluded that he could not proceed on his claim of breach of fiduciary duty under ERISA. In its September 27, 2012 order, the Court concluded that "[b]ecause Crane seeks relief only as to himself and not the plan, he cannot proceed under § 1109 and thus [§ 502(a)(2)]." (Dkt. # 99, at 11.)

Plaintiff first challenged this conclusion on the ground that the Court had relied upon ERISA as it applied to a health care benefit plan as opposed to a defined contribution plan. But this characterization is a red herring. While the case cited by the Court in support of its ruling under § 502(a)(2), *Krukowski v. Omicron Tech. Inc.*, No. 10 C 5282, 2011 WL 1303416, at *4 (N.D. Ill. Mar. 31, 2011), deals with a health care benefit plan, Plaintiff's concern with the Court's ruling is not based on any distinction between the application of § 502(a)(2) in health care benefit plans versus defined contribution plans. In actuality, Plaintiff challenges the Court's conclusion that he only sought relief for himself individually and not the plan.

Generally, as the Court previously noted, "§ 502(a)(2) does not provide a remedy for individual injuries distinct from plan injuries." *LaRue v. DeWolff, Boberg & Assoc., Inc.*, 552 U.S. 248, 256 (2008). Nevertheless, "[§ 502(a)(2)] does authorize recovery for fiduciary breaches that impair the value of the plan assets in a participant's individual account." *Id.* The Court concluded in its summary judgment ruling that because Plaintiff framed his claims only on behalf of himself and not the plan, he could not proceed with the claim. (Compl., Dkt. # 1, at ¶ 29 ("Defendants . . . still have not paid *Crane* any of his benefits in the ESOP") (emphasis added)); (*id*. ¶ 30 ("Defendants have breached their fiduciary duty to *Crane*") (emphasis added).) In addition, in his prayer for relief, Crane sought only relief as to himself. (*Id*., Prayer for Relief, at 6 ("That the Court enter judgment in favor of *Crane*").)

Plaintiff framed his requests for relief only as to himself because that is the relief the allegations in his complaint supported. Specifically, Plaintiff alleged the following in his breach of fiduciary duty count:

29. Despite acknowledging that they owe Crane $77,516.04 in ESOP benefits and despite Crane providing them rollover documents that they requested, Defendants have failed and still have not paid Crane any of his benefits in the ESOP.

30. Accordingly, Defendants have breached their fiduciary duty to Crane. 29 U.S.C. § 1104.

31. Sartain, as the ESOP Plan Administrator, has a separate duty to provide Crane the appropriate plan documents as required under 29 U.S.C. § 1024(b)(2)-(4) and has failed to do so for nearly a year since Crane's first written request.

32. By failing to produce even these simple plan documents as required under ERISA, Sartain has breached her fiduciary duty to Crane. 29 U.S.C. § 1104.

(Compl., Dkt. # 1, ¶¶ 29-32.) Based on these allegations, the losses Plaintiff complained of were individual to him and were not plan losses.

Plaintiff, however, argues in his motion to reconsider that because the "losses here occurred within Crane's ESOP account, they occurred while Crane was an active plan participant, and Crane has not yet been paid one penny of his ESOP's benefits," the complained of losses are plan losses and not individual losses. (Pl.'s Resp. Court's Order, Dkt. # 112, at 4.) In other words, Plaintiff contends that he properly alleged a plan injury and not an individual loss and, therefore, the Court erred in granting judgment in favor of the defendants on the breach of fiduciary duty claim.

In making this argument, Plaintiff relies on allegations he seeks to add to his breach of fiduciary duty claim, not on those contained in his original complaint. (Pl.'s Resp. Court's Order, Dkt. # 112, at 5-6.) In particular, Plaintiff seeks to add the following allegations:

> Breach No. 1: After Crane submitted his ESOP redemption request, Sartain redeemed $575,000 of Chairman of the Board Ken Packer's regular company shares, but has paid Crane, a former employee, $0 for his ESOP shares.
>
> Breach No. 2: By December 2009, Sartain, an officer of the Packer Group, spent about $900,000 of The Packer Group, Inc.'s assets making payments on behalf of a separate company, New Vermillion, and labeled these payments as "undocumented loans" to Ken Packer. Sartain knew that this was wrong, yet kept the payments quiet. Sartain spent this money without the Packer Group's Board of Directors' approval, against their wishes, and in what the Board of Directors believes is against the Packer Group By-Laws. Sartain also lied to the shareholders. Shareholders (including Crane) were concerned that the company had incurred liability related to New Vermillion and sent such questions to the Board of Directors. Sartain stayed silent when the Board of Directors issued a

response email that "no liability accrued to [Packer Engineering]" as a result of the New Vermillion matter, thus allowing the Board to mislead the shareholders.

Breach No. 3: Sartain removed the ERISA-required Plan Trustee in 2002, and she has not had an ERISA § 103 independent qualified plan audit performed since 2002. ERISA requires a plan have a trustee and that all plan assets are held in trust. Moreover, Sartain admitted at deposition that in 2005 she outright removed $2 million of ESOP shares (all of the ESOP shares) from the plan's trust.

Breach No. 4: In her deposition, Sartain admitted that she dispossessed Crane (and any other employee) of his ESOP shares and related ESOP shareholder rights when he left the company and moved the shares to the company's treasury. This action violates ERISA's anti-inurement provision. Also, the 2002 ESOP Plan Document, the only document in discovery that Sartain produced regarding the Plan, does not permit this transfer or dispossession without the plan first paying for those shares. Similarly, Sartain admits that she knows of nothing in The Packer Group, Inc.'s by-laws or shareholder agreements that permits such an act without first paying for the shares.

(Pl.'s Mot. Amend Compl. Conform Evid., Dkt. # 44, at 4-5) (internal citations and emphasis omitted.)

Defendants contest Plaintiff's ability to raise new allegations at this late date arguing that while he knew about these allegations from shareholder derivative litigation that is pending in the Circuit Court of Cook County, Plaintiff chose not to include those allegations in his complaint here. They also contend that if he is allowed to raise these new allegations, they will be prejudiced because they never took discovery related to these claims, either from Plaintiff or third parties.

The Court recognizes that the allegations Plaintiff seeks to add at the summary judgment stage are significantly broader and implicate a much wider range of conduct than originally plead. While the original allegations only assert that Sartain breached her fiduciary duty by failing to pay Plaintiff his ESOP benefits, the allegations Plaintiff seeks to add assert that Sartain has breached her fiduciary duties by redeeming executives' ESOP shares in lieu of Plaintiff's, improperly spending company assets on a separate venture and mislabeling those expenditures, removing the plan trustee and failing to have an audit performed, removing ESOP shares from the plan's trust, and transferring ESOP shares to the company treasure without paying for them.

Nevertheless, in his supplemental Rule 26(a)(1) disclosures, Plaintiff identified certain categories of documents that were in his possession that he indicated he "may" use to support his claims, including "[d]ocuments concerning undocumented loans extended by Ms. Sartain to Ken Packer," "[d]ocuments concerning loans taken by Ms. Sartain from The Packer Group, Inc.," "[d]ocuments concerning Defendants' activities and statements relating to the New Vermilion Iron Works, Inc., and related transactions with Defendants," and "[d]ocuments concerning the removal of employer shares from the Packer Group, Inc. ESOP." (Dkt. #60-4, at 5, PageID # 2645-46.) In addition, in Plaintiff's First Set of Document requests, he sought documents

3

relating to any loans taken by Defendants or their related or controlled entities, transfers of assets or liabilities, auditor's documents relating to misappropriation or fraud controls, board of directors' communications regarding New Vermilion, and documents relating to Sartain's mishandling of the assets of The Packer Group, Inc. (Dkt. # 60-5, Request Nos. 1, 5, 24, 35, and 39.)

Despite receiving discovery requests regarding these issues, Defendants apparently did not issue any discovery regarding Plaintiff's claims. (Crane's Sur-Reply Opp'n Defs.' Mot. Strike, Dkt. # 60-1, at 2, PageID #2620 ("And when confronted with Crane's breach of fiduciary duty claim and the related matters Crane raised in discovery, Defendants failed to propound even a single piece of discovery. Indeed, Defendants did not seek *any* discovery with respect to *any* of Crane's claims.") (emphasis in original).)

As the Seventh Circuit has noted with respect to the necessity to plead facts, "[f]actual detail comes later–perhaps in response to a motion for a more definite statement, . . . perhaps in response to a motion for summary judgment." *Vincent v. City Colleges of Chi.*, 485 F.3d 919, 923 (7th Cir. 2007). Indeed, in another case in which a plaintiff raised facts on summary judgment that were not plead in her complaint, the Seventh Circuit stated that while "Benuzzi did not seek to amend her complaint to include these latter incidents, . . . plaintiffs in federal court are not required to plead with precision legal theories or detailed facts." *Benuzzi v. Bd. of Educ. of City of Chi.*, 647 F.3d 652, 664 (7th Cir. 2011). Plaintiff was not required to plead every fact in support of his breach of fiduciary duty claim. Moreover, the new allegations set forth an alternative basis of relief under the previously-plead breach of fiduciary duty count, not a new claim.

Defendants were or at least should have been aware from Plaintiff's Rule 26(a) disclosures and discovery requests that the issues he now raises were in play. Defendants, however, neglected to clarify Plaintiff's claims by issuing basic document requests and interrogatories asking Plaintiff to delineate the factual bases for his claims. The Court concludes that Plaintiff may include the new allegations in his breach of fiduciary duty count.

However, as noted above, in order for Plaintiff to recover on the alleged breach of fiduciary duties, the purported losses must constitute losses to the plan. *See LaRue*, 552 U.S. at 262-63 ("Because a defined contribution plan is essentially the sum of its parts, losses attributable to the account of an individual participant are necessarily "losses to the plan") (Thomas, J., concurring). As noted above, with respect to Plaintiff's allegations that Sartain failed to provide Plaintiff with plan documents and failed to pay Plaintiff the amount due him from the ESOP, these allegations fail to establish a loss to the plan; thus, they cannot be raised as separate breach of fiduciary duty claims. Moreover, the new allegations regarding Breach No. 1 and Breach No. 2, the redemption of Ken Packer's regular company shares and the purported $900,000.00 loan to New Vermilion, do not implicate a loss to the plan; thus, these are not actionable under § 502(a)(2). However, Breach No. 3 alleges that Sartain removed $2 million in shares from the ESOP plan trust and Breach No. 4 alleges that Sartain dispossessed Plaintiff and others of their ESOP shares and moved shares to the company treasury. Plaintiff may seek recovery for these two purported breaches because they implicate losses to the plan.

That being said, to the extent that the parties moved for summary judgment on the breach of fiduciary duty allegations, it is denied. Not only was the briefing incomplete and unfocused, but genuine issues of material fact preclude judgment. For example, an issue of fact remains as

to whether the 2002 or 2009 plan document applies, which is relevant to the scope of the administrator's discretion under the plan to pay benefits and the asserted limitation of liability contained in the plan.  In addition, the parties clearly disagree on the facts surrounding alleged Breach Nos. 3 and 4.

      Accordingly, the motion to reconsider [101-1] is granted and Plaintiff's counsel's motion to withdraw [108-1] is granted.  The parties are directed to appear for a status on May 10, 2013 at 9:30 a.m. to set a trial date.  At issue will be Plaintiff's remaining claims as provided herein, including the defendants' alleged failure to provide him with documents and pay him the ESOP benefits due as well as the breach of fiduciary duty claim regarding Breach Nos. 3 and 4, as discussed above.

**Date**: April 25, 2013

                                        **Ronald A. Guzmán**
                                        **United States District Judge**